**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

ROBERT JAFFE MD, INC. BO
ROBERT JAFFE,

      Case No.

    Plaintiff,

v.

YACHTINSURE, LTD

    Defendant

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, ROBERT JAFFE MD, INC. BO ROBERT JAFFE (hereinafter "Plaintiff" or "Jaffe"), by and through the undersigned counsel, files this Complaint against Defendant, YACHTINSURE, LTD. (hereinafter "Defendant" or "Yachtinsure"), and states as follows:

1. This is an action for breach of contract in an amount exceeding $75,000.00 exclusive of interest, costs and attorneys' fees.

2. Plaintiff is an individual over the age of 18, is a citizen of the State of Florida, is a resident of Monroe County, Florida, and is *sui juris*.

3. Plaintiff is the owner and operator of a Royal Cape 53 sailing catamaran built in 2010 known as "Beloved" (hereinafter the "Vessel").

4. Defendant is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London. Defendant also maintains a principal place of business in the United States, located at 401 E. Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301.

1

5. This action arises from Defendant's breach of an insurance policy (as detailed later herein) is subject to the exclusive jurisdiction of the United States Federal Courts.

6. Venue lies in the Southern District of Florida because, among other things, Plaintiff resides in the Southern District and the subject insurance policy breached by Defendant was entered into in the Southern District.

## General Allegations

7. In January 2024, Plaintiff entered into a contract with Defendant whereby Defendant agreed to provide a marine insurance policy (the "Policy") to Plaintiff for the Vessel in exchange for monthly premium payments. A true and correct copy of the Policy is attached and incorporated herein as **Exhibit "A. "**

8. Pursuant to the Policy, coverage became effective on January 11, 2024.

9. The intent and purpose of the Policy is to provide hull and machinery, liability and personal property coverage to Plaintiff for among other things, accidental physical loss of, or damages caused to the Vessel and Plaintiff's personal property, firearms, and fishing tackle aboard the Vessel.

10. As detailed on the Policy's Declaration page, attached and incorporated herein as **Exhibit "B"** (hereinafter the "Declaration"), the Policy provides $480,000 in hull coverage, $2,000 in personal property coverage, $2,500 in firearm coverage, and $2,500 in coverage for fishing tackle abord the Vessel.

11. The Policy also provides $1,000,000.00 in Protection & Indemnity coverage which includes salvage.

12. On or about May 4, 2024, during the coverage period, the Vessel was being operated by Plaintiff when it struck a coral reef while underway off the coast of Puerto Rico

(hereinafter the "Incident"), resulting in the sinking of the Vessel and the rescue of both passengers onboard (Plaintiff and his daughter).

13. The Vessel is a total loss.

14. Plaintiff's personal property, firearms, and fishing tackle on board the Vessel were also destroyed in the Incident.

15. Plaintiff timely reported the Incident and made a claim to Defendant on or about May 7, 2024.

16. To date, Defendant has failed to acknowledge the total loss of the Vessel and failed pay Plaintiff's claim for the maximum coverage limits, despite his demands and Defendant's obligation to do so under the Policy.

17. Plaintiff has complied with his obligations under the Policy and no basis exists for Defendant to deny coverage.

18. All conditions precedent to the filing of this lawsuit have been performed of have occurred, or have been waived, excused, satisfied, or otherwise discharged.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff reavers and realleges Paragraphs 1 through 18 as if fully restated herein.

20. Under the terms of the binding and enforceable Policy between the parties, Defendant was required to provide coverage for the total loss of the Vessel and Plaintiff's personal property, firearms, and fishing tackle onboard when the Vessel sank during the Incident on May 4, 2024.

21. Notwithstanding Plaintiff's valid claim for the maximum amount of coverage for the Vessel's hull and Plaintiff's personal property, firearms, and fishing tackle, Defendant has not paid anything to reimburse Plaintiff for these total losses.

22. Defendant has materially breached the Policy by failing to pay Plaintiff the coverage limits under the Policy for the total loss of the Vessel and loss of Plaintiff's personal property, firearms, and fishing tackle onboard at the time of the Incident.

23. Plaintiff has suffered and continues to suffer damages resulting from Defendant's breach of the Policy.

24. Plaintiff has retained the undersigned counsel to represent him in this action and is required to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff respectfully requests this Court to issue a judgment against Defendant:

1) Finding that Defendant has breached its Policy of insurance to Plaintiff;

2) Awarding damages to Plaintiff in an amount to be proven at trial; and

3) Awarding costs, pre-judgement interest, attorneys' fees and such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: July 30, 2024

Respectfully submitted,

/s/ Nicholas J. Zeher
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Jessie Pulitzer, Esq. (Fla. Bar No. 106596)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida  33131
Tel.:   (305) 372-3300
Fax:   (305) 379-7018
Email: nzeher@robertallenlaw.com
          jpulitzer@robertallenlaw.com
          litigation@robertallenlaw.com

*Counsel for Plaintiff*

5